(November 29, 1912.)

# WILLIAM WITTENBERG, Respondent, v. NORTHERN IDAHO PINE LUMBER COMPANY, LIMITED, Respondent, and HARRY A. RICHARDS, Intervenor and Appellant.

### [131 Pac. 1.]

CONTRACT—ADVANCEMENT OF MONEY—FURNISHING LUMBER AND MANU-
FACTURED ARTICLES UPON ADVANCEMENT—CREDITS.

(Syllabus by the court.)

1.   Where a contract is made between N. I. P. L. Co. and R., whereby R. agrees to advance money to said company, to be used by the company in its business of manufacturing lumber and the delivery of logs and lumber to R., and an action is brought by W., a creditor of the N. I. P. L. Co., to recover a debt, and a receiver is appointed, and R. intervenes and sets up the advances he has made and claims a lien upon said property taken possession of by the receiver, under a contract, and in the trial of the case the court finds that the company is in no way indebted to R. and denies the lien, and there is a conflict in the evidence, this court will not reverse the action of the trial court.

2.   Evidence in this case examined, and *held* to be sufficient to sustain the findings and judgment of the trial court.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. John M. Flynn, Judge.

Action upon a debt and the appointment of a receiver. *Affirmed.*

John P. Gray and Frank M. McCarthy, for Appellant.

Elder & Elder, for Receiver.

C. H. Potts, for Plaintiff.

Counsel cite no authorities on point decided.

STEWART, C. J.—This action was instituted in the district court of Kootenai county by William Wittenberg against

the Northern Idaho Pine Lumber Company, Ltd., a corporation, to recover the amount due on two promissory notes, and for the purpose of having a receiver appointed to take charge of the property owned and possessed by the company. The suit is founded on two promissory notes, the first of which is dated May 25, 1907, for the sum of $750, due in six months, payable to F. T. Camp, and signed by the Northern Idaho Pine Lumber Company, Ltd., and indorsed "Pay to William Wittenberg, F. T. Camp." The second note is dated June 1, 1907, for the sum of $4,000, and is payable to William Wittenberg, and executed by the same company, and indorsed "$2,000, March 12, 1911." The complaint also alleges that such notes are due and have not been paid, and asks judgment.

The complaint, in addition to the above allegations, sets forth the facts upon which a receiver is asked to be appointed to take charge of the property of the Northern Idaho Pine Lumber Company. The grounds alleged for the appointment of such receiver in brief are: That the sawmill owned by the company was destroyed by fire, and that the insurance upon said property had been paid to one Harry A. Richards, and applied on his own personal account, and had not been applied to the payment of creditors of the company, and that mortgages have been given upon the property of the company, and debts created, and that such company is insolvent; that the president and secretary of the company and Harry A. Richards have conspired together for the purpose of placing all the property and assets of the company in the possession of Richards, for the purpose of defrauding the plaintiff and other creditors. An affidavit was also filed supporting the allegations of the complaint, and upon the hearing the court appointed George Ott receiver of the company, on the 24th of August, 1911, and the receiver qualified and took possession of the assets and property which he found located at the place where the defendant company was doing business. Thereafter the receiver filed an answer to the complaint in intervention, and in such answer denied any right, title or interest of Richards in or to said property. A petition in intervention was filed in said cause by Harry A. Richards,

the appellant, and in this petition Richards sets forth that on the 26th of January, 1910, he made a contract with the lumber company, under the terms of which he was to make advances to said company of sums of money as required by the company in the conduct of its business, and in pursuance of the terms and conditions of the contract took possession of the property conveyed thereby, and sold and disposed of such property as partial payments of advances, before the rights of creditors of the company attached. In accordance with such contract, between the 26th of June, 1910, and the 29th of August, 1911, he advanced on behalf of defendant the sum of $32,211; that he received from the sales of lumber and other timber products $9,566.47, which amount was credited upon the advances made; that on the 23d of August, 1911, the defendant was indebted to said Richards in the sum of $22,644.53, and that at such times he held invoices for goods which were then on the premises of defendant, and the indebtedness was in the nature of advances; that during said periods of time he was in possession of and entitled to the possession of all the white pine and western pine No. 4 and other pine and lumber and logs afloat in the river, and had the right to enter upon the premises of defendant and to remove any and all of said lumber and logs, and to dispose of the same in accordance with the contract, together with the right to sell and dispose of all lumber in pile in the yards of the defendant and all logs, together with all unfinished lumber products, and apply the same upon advances; that all the money advanced was used in the business of acquiring said property described in the contract; that all the property taken possession of by the receiver was acquired by the company by reason of such advances, and that the receiver was so informed at the time he took such possession; that the petitioner in intervention claimed the right, title and interest in and to said property by reason of his contract; and that the possession of the receiver was unlawful and wholly without right; that the value of said property is about $16,000.

Other facts are alleged in the application for intervention,

but they are not material upon the consideration of the questions presented upon appeal.

The complaint in intervention was permitted, and the facts alleged in the answer made by the intervenor to the complaint were substantially in the language of the application of the petition in intervention, as above referred to. The receiver also filed an answer·to the complaint in intervention, and denied the material allegations of the complaint in intervention. The plaintiff also filed an answer, denying the allegations of the complaint in intervention.

Upon these issues the cause was tried to the court, and findings of fact and conclusions of law were made in favor of the receiver, and it was decreed that the intervenor, Harry A. Richards, had no lien upon the property of the Northern Idaho Pine Lumber Company, Ltd., in the possession of the receiver, and that said intervenor is estopped from asserting or claiming any lien upon the property of the defendant company, or any portion thereof in the possession of the receiver. A motion for a new trial was made and overruled, and this appeal is from the judgment and from the order overruling a motion for a new trial.

Many errors are assigned, but the principal argument of counsel for appellant is based wholly upon the proposition: Whether, under the evidence, the appellant is entitled to an equitable lien against the property involved and taken possession of by the receiver, and whether he has power to take possession of such property and sell and dispose of the same and apply the proceeds thereof in payment of sums due him for advances made under the terms of the contract entered into betweeen Harry A. Richards and the Northern Idaho Pine Lumber Company.

The court found that, on the 26th day of January, 1910, the Northern Idaho Pine Lumber Company, Ltd., had a large lumber manufacturing plant situated at Lane in the county of Kootenai, Idaho, at which place was also located many of its tangible assets; that it continued its lumber manufacturing operations subsequent to said date and up to the month of December, 1910, and carried on a large and extensive busi-

ness in the manufacturing of lumber and in buying and handling lumber products for manufacture; that on the 26th ·day of January, 1910, Richards and the lumber company entered into a certain contract, under the terms of which Richards advanced to the company large sums of money; that ·he did not apply all of the proceeds of the sales of lumber ·under said contract in payment of the advances made by him ·to said company; that all of the logs and lumber mentioned ·in the contract remained in the possession of the company, and carload shipments were made from time to time on the order of Richards to the Falls City Lumber Company, and that Richards never took possession of the property described ·in the contract, before the rights of creditors of the company or third persons attached; that Richards, between the 26th day of January, 1910, and the 29th day of August, 1911, advanced to the company the sum of $18,711, and during said time he credited to the company from the proceeds of sales of lumber shipped to him under said contract the ·sum of $9,566.47; that the company is entitled to credit for cars shipped to the Falls City Lumber Company on Richards' order; that the company is entitled to credit for ·numerous carloads of shipments of lumber made on his order ·under said contract, for which Richards failed to allow the company credit; that twenty-two carloads of lumber were ·shipped under said contract in May, June and July, 1911, to Richards, for which he failed to give defendant credit, and ·that lumber to the value of at least $18,610.18 was shipped to the Falls City Lumber Company under the order of Richards, which has never been credited to advances made ·under said contract; that the accounts of Richards and the Falls City Lumber Company were so intermingled and confused by Richards and under his orders, that it was his duty to make complete showing as to the whole transaction; that the total amount of money advanced by Richards to the company was $32,211; that $8,500 was advanced on what was ·termed the "Tie" contract, and was separate from the contract sued upon; that $5,000 of this was advanced on the ·cut of 1909, and is not a proper claim under the contract

sued on; that Richards was never in the possession or entitled to the possession of the lumber in piles in the yards of the company, and never in possession or entitled to the possession of the lumber in the shop or in the cars or manufactured at the lumber manufacturing plant, and was never entitled to the possession of the logs or any of the logs belonging to the company; that the money received by Richards was used in the business of the company; that the company never dedicated the property owned by the company or the proceeds of the same to the payment of advances made by Richards; that the contract entered into by Richards and the company described in the complaint was not authorized by the board of directors of the corporation or by a majority thereof or by any executive committee of said board of directors; that said contract was executed by P. G. Sullivan, the president of the company, and I. W. Feighner, the secretary, and that the company shipped lumber to Richards on his order under said contract; that there was no conspiracy between Feighner, Sullivan and Richards; that Richards has the control and management of the Falls City Lumber Company, and has a large financial interest in the company and the controlling interest; that the company is a corporation organized and existing under the laws of the state of Washington and doing business in the state of Washington, and does not transact any business in the county or state; and that said company is not within the jurisdiction of the court; that Richards, between the 26th day of January, 1910, and the 25th day of August, 1911, for the purpose of securing large financial gains for himself and the Falls City Lumber Company, wrongfully and without right and authority caused a large portion of the assets, lumber and property of the lumber company, to be delivered to the Falls City Lumber Company, and that the receiver has no information or any way of determining the amount of the assets, lumber and property which were delivered to the Falls City Lumber Company, and that there is now due the lumber company by reason of the acts of Richards in delivering the property and assets of the said company to the Falls City Lumber Com-

pany, from said Richards and the Falls City Lumber Company, the sum of at least $18,610.18; that said property was delivered to the Falls City Lumber Company under the orders of Richards; that during the month of December, 1911, the sawmill of the defendant was destroyed by fire; that there was insurance on the same for the sum of $22,900; that Harry A. Richards received the money paid upon said insurance and paid it out on behalf of defendant, and that he has received from the proceeds of the sales of lumber shipped to him and under his orders under the contract an amount more than sufficient to reimburse him for all advances.

From these facts the court made the following conclusions of law: That the intervenor, Harry A. Richards, has no lien upon the property of the Northern Idaho Pine Lumber Company now in the hands of the receiver, and is estopped from asserting or claiming any lien upon the property of the defendant company in the hands of the receiver. Judgment was rendered accordingly.

The contention of the appellant is based wholly upon the contract dated January 26, 1910, made between the Northern Idaho Pine Lumber Company, Ltd., and Harry A. Richards, and the evidence showing the acts of the parties under such contract. By the terms of this contract the company agrees to sell to Richards the entire output of its mill, situated at Lane, consisting of white pine and western pine No. 4 and better, and the company agrees to handle all fir and tamarack that may be among the logs of party of the first part by selling and disposing of the same, and the balance of the fir and tamarack is to be cut into dimensions and handled by Richards. It is further provided that when the company sells the fir and tamarack and receives a price of $10.50 or better per thousand feet, then the party of the second part shall be entitled to a commission of fifty cents per thousand feet for all logging so sold by the company, and is entitled to deduct the same from any moneys which come into his possession under the terms of the contract. The party of the second part agrees to advance five dollars per thousand feet on all logs afloat in the river bearing the brand of the com-

pany (describing the brand). Richards also agrees to make a maximum advance on lumber as the same goes in pile in accordance with the contract (specifying the rate per thousand feet). It is further provided that such advances on lumber are to be made less the advances already made on logs, and different grades of lumber are to be piled in such a way as to enable the parties to conveniently make estimates and grades. Then follows a provision that the company will give its notes payable on demand to cover all advances made by Richards, which notes are to be absorbed by the company making credits thereon upon the proceeds of sales as follows (then the rate per thousand is prescribed), remitting the balance of the proceeds to the company. The lumber was to be billed in the name and under the orders of Richards, and Richards was to receive eight per cent net commission on the lumber, after deducting the freight, except on lath, on which he was to receive ten cents per thousand. Then follows a number of provisions with reference to grading the lumber and shipping it, and commissions paid and other provisions immaterial in the consideration of the questions involved in this case. Then follows this provision:

"The party of the first part further agrees that the legal title to the said logs and to the said lumber shall pass to the party of the second part as soon as advances are made thereon by the said party of the second part, and the same shall then become and be the property of the party of the second part.

"And the said party of the first part agrees to guarantee all logs hereunder to be free from laborers' liens, or other liens, and further agrees to hold the party of the second part harmless from any and all liability arising from liens, mortgages, or claims of any kind, by outside parties against the said party of the first part, and against any loss thereof. . . . ."

This is followed by another general provision covering the subject which in effect provides that in the event the party of the first part should fail to remove the lumber upon which advances have been made, that the party of the second part might enter upon the premises and remove the lumber at such

times and in such a way as the party of the second part might see fit, and place the same on board cars and dispose of the same in accordance with the terms of the contract. And in case the company fails or refuses to manufacture the logs, on which the party of the second part made advances, into lumber in accordance with the terms of the contract, then the party of the second part has the right to sell lumber and logs sufficient to satisfy any and all claims arising thereunder.

Counsel for appellant contend that the evidence shows that Richards advanced to the defendant company under this contract, the sum of $32,211; that the sum of $9,566.47 was paid on that indebtedness, leaving a balance due Richards, evidenced by notes held by him, in the sum of $22,644.53, subject to adjustment.

The respondent contends that under the evidence it is shown that Richards advanced under the contract the sum of $18,711; that the company delivered lumber to Richards and was credited with the sum of $9,566.47; that there was delivered to the Falls City Lumber Company lumber, at the request of Richards, to the value of $18,610.18, making a total value of lumber received by Richards to the amount of $28,-176.65; deducting from this sum the amount advanced by Richards to the company, $18,711, would leave due from Richards to the company the sum of $9,465.65. If the evidence supports this contention, it must be admitted that Richards has no standing in this court upon his claim of a lien upon the property involved in this action, for the reason that he has nothing due him to support such lien. If the appellant's contention is correct as to the advances received, and there is due the sum of $22,644.53, then there is a debt due from the company to Richards which may be the basis of a lien, if a lien can be claimed under the contract.

It will be observed from the foregoing statement that the two items of $8,500 and $18,610.18 are the items of credit in dispute. The trial court found that the sum of $8,500 claimed to have been advanced by Richards was not advanced upon the contract sued upon in this action, and the court also

found that the lumber shipped to the Falls City Lumber Company in the sum of $18,610.18 was shipped upon the credit and by the order of Richards, and therefore chargeable to Richard's account, and not chargeable to the Falls City Lumber Company. We have carefully examined the evidence offered in support of and against the findings made by the trial court upon these two items, and we feel satisfied that there is evidence in the record supporting the findings of the trial court. While there is evidence contradicting the proof offered in support of the findings, still there is sufficient evidence in the record to support the findings of the trial court. This being true, the question of a lien is of no consequence, and the judgment of the trial court will have to be affirmed. We have examined the alleged errors of the court in admitting and denying evidence, and other errors assigned, and find none of them well taken. The judgment is *affirmed.* Costs awarded to respondent.

Ailshie and Sullivan, JJ., concur.

### ON REHEARING.

(April 11, 1913.)

REHEARING—QUESTIONS CONSIDERED.

    1. Where the trial court makes findings upon all the issues in the case and enters judgment, and upon appeal the findings and judgment are affirmed, and a rehearing is granted in this court, and upon the rehearing the appellant contends that a new trial should be granted, and that a new party be made a party defendant and brought into the case by proper service, and it appears from the record filed on appeal that the subject matter alleged in the application to have a new party brought in was not involved in the case appealed, and decided in the former opinion, such opinion will be affirmed and a new trial will be denied.

STEWART, J.—A petition for rehearing in this case was filed and granted. In the original opinion this court discussed and approved the findings of the trial court. The findings dealt with the contract sued upon, and the amount.

advanced by the intervenor Richards to the respondent under said contract, and the value of lumber received by Richards from the company, and this court approved the trial court's findings, to the effect that Richards was indebted to the respondent in the sum of $9,465.65, and that by reason of such fact Richards had no claim against the respondent company, and the respondent company was not indebted to Richards, and therefore no lien existed in favor of Richards.

In the petition for rehearing, however, and in the argument upon rehearing, counsel for appellant contend that the trial court erred in finding that Richards was indebted to the defendant company, and that this error occurred by reason of the fact that the trial court charged Richards with lumber delivered to the Falls City Lumber Company by the respondent, when such amount should have been charged to the Falls City Lumber Company upon account of advances made by the Falls City Lumber Company to the respondent, and that the Falls City Lumber Company was not a party to the suit, and the court should not have litigated the rights of the Falls City Lumber Company or the liability of the respondent to the Falls City Lumber Company for such advances.

It will be observed from an examination of the original opinion, the lumber delivered to the Falls City Lumber Company was so delivered, under the contract sued on, upon the order of Richards, and the trial court found that the value of such lumber was chargeable to Richards upon the advances made by him to the respondent.

The issues made by the pleadings and the theory upon which the trial court proceeded was that the complaint in intervention alleged that Richards made advances of money to the company for the use and benefit of the company, and for which the property of the defendant company in the possession of the receiver was surrendered to him as security for such advances, and upon which he had a lien under said contract. Upon these issues the trial court made its findings and entered judgment, and in making such findings the trial court determined, first, the amount Richards advanced to the defendant company upon said contract; and, second, the value

of the property Richards received under said contract, and found that Richards was indebted to the company in the sum of $9,465.65, and because of that fact was not entitled to any lien upon the property in the possession of the receiver. In determining the status of the account between Richards and the company, the court determined how much money Richards had advanced to the company under the contract sued on. The advances made by the Falls City Lumber Company to the defendant or the value of property sold and delivered by the defendant to the Falls City Lumber Company was not involved in this action, and there was no error in the ruling of the court in not requiring the Falls City Lumber Company to be made a party to the suit or that an accounting should be had between the Falls City Lumber Company and the defendant company, or in the sustaining of an objection to evidence in support of the appellant's contention for an accounting. The relation between these companies was not involved in this case. If the Falls City Lumber Company was indebted to the respondent, or the respondent was indebted to the Falls City Lumber Company, an adjustment of the account between such companies can be effected by the presentation by the Falls City Lumber Company of such claims as may exist in its favor against the receiver, and having the same allowed as claims of other creditors of the respondent are allowed. The Falls City Lumber Company, if it has a claim against the respondent, stands in the same relation to the defendant company, so far as it appears in this case, as other creditors.

The original opinion is *affirmed* and a new trial denied.

Ailshie, C. J., and Sullivan, J., concur.